LARA C. DE LEON (SBN 270252)
ldeleon@constangy.com
**CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP**
2020 Main St., Suite 1200
Irvine, California 92614
Telephone: (949) 743-3979
Facsimile: (949) 743-3934

ERICA R. CORTEZ (SBN 270939)
ecortez@constangy.com
**CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP**
550 West C Street, Suite 1400
San Diego, California 92101
Telephone: (619) 605-6171

Attorneys for Defendants
VP RACING FUELS, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREANNA DE ENCIO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VP RACING FUELS, INC., a corporation; MIKE EMERSON, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:  **'26 CV 1083 DMS BLM**<br><br>[*Removed from San Diego County Superior Court Case No. 26CU001435C*]<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed:   January 6, 2026<br>Date Removed:    February 19, 2026 |

1

DEFS' NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF BREANNA de ENCIO, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that VP RACING FUELS, INC. a Texas corporation ("VP Racing Fuels" or "Defendant") removes this action (the "Action") from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.    STATEMENT OF JURISDICTION**

1.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because (a) the amount in controversy exceeds $75,000; and (b) this matter is between citizens of different states within the meaning of that provision.

**II.    PROCEDURAL AND VENUE MATTERS**

**A.    Pleadings, Process, and Orders**

2.    On January 6, 2026, Plaintiff filed an action in the Superior Court of the State of California for the County of San Diego entitled *BREANNA DE ENCIO vs. VP RACING FUELS, INC.; MIKE EMERSON; and DOES 1-50, inclusive, Defendants*. Case No. 26CU001435C. True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet filed in the San Diego County Superior Court are collectively attached to the Declaration of Lara C. de Leon ("de Leon Decl.") as **Exhibit A.**

3.    Plaintiff's Complaint alleges thirteen causes of action, including (1) harassment in violation of FEHA; (2) discrimination in violation of FEHA; (3) retaliation in violation of FEHA and California Labor Code; (4) failure to prevent harassment, discrimination, and retaliation in violation of FEHA; (5) whistleblower retaliation in violation of California Labor Code; (6) failure to pay overtime wages in violation of California Labor Code; (7) failure to provide meal and rest breaks in violation of California Labor Code; (8) wage statement violations in violation of California Labor Code; (9) constructive termination in violation of public policy; (10)

DEFS' NOTICE OF REMOVAL

failure to accommodate/engage in the interactive process in violation of FEHA; (11) intentional infliction of emotional distress; (12) negligent hiring, supervision, and retention; (13) unfair competition in violation of California Business and Professions Code §17200. The Complaint seeks damages in the form of past and future compensatory damages, interest, emotional distress, punitive damages, and attorney's fees. (Complaint, Prayer ¶¶ 1-9).

4.    On January 20, 2026, Plaintiff filed a Proof of Service of Summons in the State Court, noting that VP Racing Fuels was served on January 20, 2026.  A true and correct copy of that Proof of Service is attached as **Exhibit B** to the de Leon Decl.

5.    On February 19, 2026, VP Racing Fuels filed its Answer to the Complaint in the State Court, as required by the California Code of Civil Procedure. A true and correct copy of that Answer is attached as **Exhibit C** to the de Leon Decl. and is incorporated herein by this reference as if set forth in full.

6.    Pursuant to 28 U.S.C. § 1446(a), the aforementioned exhibits constitute copies of all process, pleadings, and orders on file with the State Court or served upon VP Racing Fuels in this action.

7.    **<u>Removal is Timely</u>**. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed less than one year from the commencement of this action and within 30 days after any defendant was served with a copy of the Complaint and corresponding summons.

8.    Defendant Mike Emerson ("Emerson") has not been served. *See* Declaration of Mike Emerson ("Emerson Decl."), ¶2.

9.    **<u>Consent to Removal</u>**. Emerson has not been served and therefore his consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent of all defendants "properly joined" and "served."; *Destfino v. Reiswig,* 630 F.3d 952, 956–57 (9th Cir. 2011) (finding removing defendants not required to obtain consent from defendants who was not properly served).

DEFS' NOTICE OF REMOVAL

10.   **Venue**. This Action was filed in the Superior Court of the State of California for the County of San Diego. Venue properly lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(a), and 1441(a) because this is the judicial district in which the action arose.

11.   **Notice to State Court**. Defendant will, pursuant to 28 U.S.C. § 1441(d), promptly provide written notice of the Notice of Removal's filing to the Clerk of the San Diego County Superior Court and Plaintiff.

## III.   DIVERSITY JURISDICTION

12.   **Basis of Original Jurisdiction**. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a). Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a)(1).

13.   Both requirements are satisfied here because diversity of citizenship exists between Plaintiff and Defendants, and Plaintiff's contentions place a sum in excess of $75,000 in controversy, exclusive of interest and costs.

14.   **Plausible allegations.** A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. 81, 88 (2014). *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d 1059, 1068 (9th Cir. 2021); *Arias v. Residence Inn by Marriott*, 936 F. 3d 920, 922 (9th Cir. 2019). *See also Carolina Cas. Co. v. Team Equipment Inc.*, 741 F. 3d 1082, 1087–88 (9th Cir. 2014). As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings

4

of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112–10, p. 16 (2011)).

**A.      Requirement No. 1: Plaintiff is a Citizen of a Different State than Defendants.**

15.     **Plaintiff is a Citizen of California**.  For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).  A person's domicile is their permanent home, where they reside with the intent to remain or to which they intend to return. *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

16.     The place where a person lives may be presumed to be their domicile unless facts adduced establish the contrary. *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 886 (9th Cir. 2013).

17.     Here, Plaintiff alleges that "Plaintiff BREANNA DE ENCIO [was] at all relevant times an individual residing in the County of Riverside, State of California." Compl. ¶ 1, Exh. A to de Leon Decl.  No other facts establish the contrary.

18.     As a result, Plaintiff is domiciled in California and is therefore a citizen of California. *See Tanner v. Ford Motor Company*, 424 F. Supp. 3d 666, 673 (N.D. Cal. 2019) (following *Anderson* and finding place of residence *prima facie* proof of domicile). Plaintiff filed her Complaint in the Superior Court of the State of California in San Diego County, further availing herself of California's judicial resources and indicating her intent to remain in California. *See generally*, Compl., Ex. A to de Leon Decl.

19.     **Defendant VP Racing Fuels is a Citizen of Texas**. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in

DEFS' NOTICE OF REMOVAL

which the corporation's officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend* 559 U.S. 77, 92-93 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id.*

20.   Although Plaintiff does not clearly allege the citizenship of Defendant VP Racing Fuels in her Complaint, she claims that VP Racing Fuels "is and was a corporation organized and existing under the laws of the State of Delaware, authorized to do business in California, and doing business in the County of Riverside, State of California." (Compl. ¶ 2).

21.  Notwithstanding Plaintiff's erroneous allegation, Defendant is a corporation organized and existing under the laws of the state of Texas. *See* Declaration of Anthony Fetter ("Fetter Decl.) ¶ 3.

22.   Additionally, its principal place of business is in San Antonio, Texas where its executive, administrative, and financial offices are also located. The vast majority of VP Racing Fuel's corporate decisions – including operational, executive, administrative, and policymaking decisions – are made at the San Antonio, Texas headquarters. *See id.*

23.   Accordingly, Defendant VP Racing Fuels is a citizen of Texas (incorporated) and Texas (principal place of business). It was not a citizen of California at the time the Action was filed and is not a citizen of California now. *See id.*

24.   **Defendant Mike Emerson is a Citizen of Arizona**. As noted above, domicile (or citizenship) is determined by physical presence and intent to remain. For diversity purposes, an allegation that one is merely a "resident" of a state rather than a "citizen" is defective because "residence" alone does not require an intent to remain. *Kanter v. Wamer-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001); *Carolina Cas. Ins. Co. v. Team Equip*., 741 F3d 1082, 1087 (9th Cir. 2014).

6

DEFS' NOTICE OF REMOVAL

25.    Here, Plaintiff alleges that "MICHAEL EMERSON [was] at all relevant times an individual residing in the State of California and employed by the Company in a managerial capacity." *See* Compl. ¶ 3, Exh. A to de Leon Decl.  Notably, Plaintiff fails to allege Emerson's citizenship.  *Id.*

26.    Emerson, both at the time the Action was filed and currently, is a citizen of Arizona.  Emerson Decl.", ¶ 3. As of October 2025, Emerson formally relocated with his wife to Arizona from California. *See id.* ¶ 4.  Specifically, in August 2025, he was offered a relocation bonus from Defendant to move to and be based out of Parker, Arizona to oversee its new facility nearby. *See id.* at ¶ 5. He accepted and signed the Relocation Bonus Agreement on August 8,2025. *See id.* and **Exhibit A** thereto.  On or about October 25, 2025, Emerson and his wife relocated to their current residence by moving their personal belongings to their current home in Parker, Arizona.  *See id.* ¶ 6.  Emerson currently lives and maintains a permanent residence there. *See* Emerson Decl. ¶ 7.  A true and correct copy of an exemplar utility bill is attached to the Emerson Decl. as **Exhibit B**.

27.    Emerson's Arizona domicile and citizenship are further evidenced by the following: he is registered to vote in Arizona; holds an Arizona driver's license; and owns two vehicles registered in Arizona. *See* Emerson Decl., ¶ 8; **Exhibits C and D**.

28.    In addition, Emerson is a member of professional organizations centered in Arizona, including the Rotary Club of Parker Arizona.  *See* Emerson Decl., ¶ 9; *accord Rampersad v. Rentex Incorporated,* Case No.: 3:16-cv-01710, 2017 WL 932197, at * 2-3 (S.D. Cal. 2017); *United Prod. & Tech. Ltd. v. Above Edge, LLC,* Case No.: CV21-2661-DMGAFMX, 2023 WL 2661174, at * 2-3 (C.D. Cal 2023).

29.    While Emerson does travel to Murrieta, California (and elsewhere) for work purposes on occasion, it is for temporary purposes only as needed to oversee projects or personnel, or to attend events. Emerson Decl. ¶ 10. Emerson does not intend to remain in or reside in California permanently. *See id.* Emerson's periodic visitation in California is temporary in nature and does not alter his Arizona domicile.

7

*See Mondragon.*, 736 F.3d at 886 (courts must consider the entire record to properly determine citizenship).

30. **Citizenship of Doe Defendants Should Be Disregarded.** The citizenship of the Doe Defendants should be disregarded for diversity purposes. Plaintiff's Complaint names as Defendants "Does 1 to 50." Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictious defendant has been served, and therefore, none need join in the Notice of Removal. *See Salveson v. W. States Bankcard Assoc.* 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves."), superseded by statute on other grounds in *Ethridge v. Harbor House Rest*. 861 F.2d 1389, 1392 n.3 (9th Cir. 1988).

**B.     Requirement No. 2: The Amount in Controversy Exceeds $75,000**.

31.     The U.S. Supreme Court has affirmed that a notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551 (citing 28 U. S. C. §1446(a)). Accordingly, a defendant need not submit evidence in support of a removal, but rather need only plausibly allege that the amount in controversy exceeds $75,000.00. *See id.* (noting that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). As conservatively estimated, and as alleged by Plaintiff, those potential damages exceed $300,0000.

32.     Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. . .."   The calculation of the amount in controversy hinges on the factual allegations in the complaint, along with the types of damages plaintiff seeks, not what a defendant will actually owe. *See Rippee v. Boston Market Corp.,* 408 F.

8

Supp. 2d 982, 984-986 (S.D. Cal. 2005). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The "amount in controversy" inquiry includes potential general and special damages, punitive damages, and penalties, as well as attorney's fees if recoverable by statute or contract. *Richmond v. Allstate Ins. Co.* 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); *Simmons v. PCR Tech*. 209 F. Supp. 2d 1029, 1032-1034 (N.D. Cal. 2002).

33.    If a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehearing en banc denied by*, 102 F.3d 398, 404 (9th Cir. 1996). Moreover, all claims can be aggregated to meet the minimum jurisdictional amount. *See Simmons,* 209 F. Supp. 2d at 1035 (noting that attorney's fees in individual employment discrimination cases often exceed general damages). Furthermore, such fees are calculable beyond the time of removal. *Id.* at 1035.

34.    Here, Plaintiff's Complaint does not demand a specific dollar amount, but the overall damages sought will exceed $75,000 because Plaintiff sets forth thirteen causes of actions and she seeks "compensatory damages," including "general and special damages for lost wages, lost benefits, lost professional opportunities, and emotional stress." *See* Compl., Prayer for Relief ¶¶ 1-2; Exh. A to de Leon Decl.  In addition, Plaintiff seeks "restitution of all wages, [and] benefits…," "statutory penalties," "prejudgment interest," "punitive and exemplary damages," and "attorneys' fees." *See id.,* Prayer for Relief ¶¶ 3-8.

35.    **Economic Damages.** The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages. *Fritsch v. Swift Transportation*, 899 F. 3d 785, 791 (9th Cir. 2018).

9

DEFS' NOTICE OF REMOVAL

36.   At the time Plaintiff separated from employment on February 24, 2025, she earned $27.89 / per hour, including overtime. *See* Declaration of Sara Simpson ("Simpson Decl.") ¶ 3.  Not counting overtime earned, this equates to approximately $58,011.20 per year ($27.89 per hour x 40 hours per week x 52 weeks per year). There are approximately 51 weeks between the time Plaintiff separated on or about February 24, 2025 and the date of this removal on February 19, 2026.  Thus, if Plaintiff were able to recover *back wages* spanning from the date of her employment separation to the date of removal, she would be entitled to approximately **$56,895.60** in back wages (51 weeks x 40 hours x $ 27.89 per hour).

37.   Assuming this case proceeds to trial in August of 2027 (approximately 18 months after the Removal), and assuming Plaintiff remains without work up to and throughout the time of trial, she will claim an additional 18 months of back wages, amounting to **$87, 016.80** (78 weeks x 40 hours x $27.89 per hour).

38.   In addition, front pay awards in California may accrue and frequently span several years.  *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (awarding front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (awarding front pay for four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only one year after the filing of her Complaint, the amount of *future wages* in controversy in this case would total approximately **$58,011.20.**  In sum, this would total **$201,923.60** in front pay and back pay damages ($56,895.60 + $87,016.80, + $58,011.20).  Therefore, without even considering other damages Plaintiff is seeking, including emotional distress damages, punitive damages, and attorneys' fees, the compensatory damages alone will qualify this case and exceed the $75,000 threshold.

39.   **Emotional Distress Damages.**  Plaintiff further alleges she is entitled to general and special damages that include emotional distress. (Compl., Prayer, ¶ 1; Exh. A to de Leon Decl). While she does not state a specific amount of damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional

10

distress should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).

40.    If Plaintiff were to prevail, she would most likely receive a non-nominal sum for emotional distress. Plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Hous. Auth. of the City of Los Angeles* 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.* 270 F.3d 794 (9th Cir. 2001) (award of $30,000); *Redfield v. Ins. Co. of N. Am.* 940 F.2d 542 (9th Cir. 1991) (award of $25,000); *Ko v. The Square Grp. L.L.C. D/B/A The Square Supermarket*, JVR No. 1503030036, 2014 WL 8108413 (Cal. Super. June 16, 2014) (awarding $125,000 in emotional distress damages where the defendant terminated the plaintiff after she missed work due to a kidney infection); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Sup. Ct. Cal. Jan. 14, 2008) (discrimination case resulting in $200,000 non-economic damages award).

41.    The case of *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976 is instructive in assessing emotional distress damages for purposes of establishing the requisite amount of controversy in diversity jurisdiction cases.  In *Kroske*, the Ninth Circuit upheld the district court's finding that the amount in controversy was established by concluding that "emotional distress damages would add at least an additional $25,000 to [plaintiff's employment] claim" even though the plaintiff only had $55,000 in lost wages.  *Id.* at 980.  Similarly, here, Plaintiff's back wages from the time of separation to present ($56,895.60) are about the same as in *Kroske* ($55,000).  Thus, back wages plus a prospective sum of $25,000 for emotional damages alone will qualify this case and exceed the threshold.

DEFS' NOTICE OF REMOVAL

42.   **Punitive Damages**. Plaintiff also seeks to recover punitive damages. (Compl, Prayer, ¶ 3). The Court must consider punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (N.D. Cal. 2002). California law does not provide any specific monetary limit on punitive damages under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons,* 209 F. Supp. 2d at 1033 (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

43.   Also instructive is the case of *E.E.O.C. v. Farmer Brothers Co.,* 31 F.3d 891 (9th Cir. 1994). There, the Ninth Circuit affirmed a district court's award of $833,434.80 in punitive damages in a gender discrimination case where the allegations involved a supervisor making disparaging remarks about women and female employees. Likewise, here, Plaintiff alleges similar sexual harassment and gender discrimination claims based on alleged comments made about her breasts. *See id.* at 891. If Plaintiff were to prevail in this matter and establish the requisite state of mind the punitive damages could exceed the jurisdictional minimum.

44.   **Attorneys' Fees**. Additionally, Plaintiff seeks attorneys' fees. (Compl., Prayer ¶ 8). The Ninth Circuit has held "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1156 (9th Cir. 1998). This amount includes future attorney's fees accrued throughout the entirety of the litigation. *See Fritsch v. Swift Transp. Co. of Ariz. LLC* 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorney's fees] are 'at stake' in the litigation"). Courts routinely recognize that attorneys representing

DEFS' NOTICE OF REMOVAL

a single plaintiff in an employment dispute may likely spend at least 100 billable hours on a case. *See, e.g., Lippold v. Godiva Chocolatier, Inc.,* No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) ("attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case"); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB, 2015 WL 898468, at *6 (reasonable attorneys' fees in a single-plaintiff matter with only four employment claims may reasonably be expected to equal 100 to 300 hours) (C.D. Cal. Mar. 3, 2015); *Cagle v. C & S Wholesale Grocers, Inc.,* No. 2:13-CV-02134-MCE-KJN, 2014 WL 651923, at *11 (100 billable hours was "a reasonable and good faith estimate of the expected fees" in a single-plaintiff employment matter that included wage claims) (E.D. Cal. Feb. 19, 2014).

45.    Moreover, attorneys' fees awarded in employment matters that proceed to trial often exceed $75,000. *See Akers v. Cty. of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002) (trial court awarded $249,349 in attorney's fees in wrongful termination in violation of public policy and discrimination case); *Hackmon v. City of Los Angeles,* No. BC189418, 2001 WL 1860540 ($114,584 awarded in discrimination case brought under FEHA) (Cal. Superior November 30, 2001); *Kohn v. Cty. of Los Angeles*, No. BC212273, 2001 WL 1720226 (Cal. Superior June 28, 2001) (awarding $161,700 in attorney's fees in FEHA discrimination case).

46.    At a conservative rate of rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time to incur $75,000 in attorney's fees (250 x $300 = $75,000).  As such, Plaintiff's attorneys' fees alone could easily reach or exceed $75,000 if this case proceeds to trial.

## IV.  CONCLUSION

Complete diversity of citizenship exists because Plaintiff is a citizen of California, Defendant Emerson is a citizen of Arizona, and Defendant VP Racing Fuels is a citizen of Texas.  Furthermore, the amount in controversy exceeds $75,000.

DEFS' NOTICE OF REMOVAL

Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and Defendant has properly removed the Action to this Court.

WHEREFORE, Defendant prays that the Action be removed from the Superior Court of California, County of San Diego, to this Court.

Dated:  February19, 2026          **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: */s/ Lara C. de Leon*
          Lara C. de Leon
          Erica R. Cortez
          Attorneys for Defendants
          VP RACING FUELS, INC.

14

## CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT, SOUTHERN DIST. OF CALIFORNIA**

**CASE NAME:**        *Breanna de Encio v. VP Racing Fuels, Inc., et al.,*

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is 550 West C Street, Suite 1400, San Diego, California 92101

On February 19, 2026, I served following document(s) described as:

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

on the parties in this action listed below in the manner designated below:

John L. Pittman III, Esq. LLM -PL482988
Saman J. Nasseri (SBN 279660)
**NASSERI LEGAL**
925 B Street, Suite 604
San Diego, California 92101
Telephone: (760) 575-4040; Facsimile: (877) 575-5264
E-Mail: info@jp3law.com; saman@nasserilegal.com
jlpittmaniii@jp3law.com; paralegal@jp3law.com; paralegal@nasserilegal.com
Attorneys for Plaintiff, *BREANNA DE ENCIO*

___ **BY NOTICE OF ELECTRONIC FILING**.  The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E).

 X  **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above.

 X  **FEDERAL.**  I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 19, 2026, at San Diego, California.

_____
Margarita Eleria-Perez

CERTIFICATE OF SERVICE