# Exhibit A

**John L. Pittman III, Esq., LLM² – PL482988**
info@jp3law.com
Saman J. Nasseri SBN279660
saman@nasserilegal.com
NASSERI LEGAL
925 B. Street, Suite 604
San Diego, CA 92101
Direct Office (760) 575-4040
Fax (877) 575-5264

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
1/6/2026 7:43:03 PM

Clerk of the Superior Court
By G. Rodriguez ,Deputy Clerk

Attorneys for BREANNA DE ENCIO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

BREANNA DE ENCIO, an individual,

Plaintiff,

vs.

VP RACING FUELS, INC., a corporation; MIKE EMERSON, an individual; and DOES 1 to 50 inclusive,

Defendants.

CASE NO.: 26CU001435C

**COMPLAINT**

1. Sexual Harassment (FEHA)
2. Sex Discrimination (FEHA)
3. Retaliation (FEHA & Lab. Code)
4. Failure to Prevent Harassment, Discrimination, and Retaliation (FEHA)
5. Whistleblower Retaliation (Lab. Code §1102.5 & §6310)
6. Failure to Pay Overtime Wages (Lab. Code §§510, 1194)
7. Failure to Provide Meal and Rest Breaks (Lab. Code §§226.7, 512)
8. Wage Statement Violations (Lab. Code §§226, 1174)
9. Wrongful Constructive Termination in Violation of Public Policy
10. Failure to Accommodate / Failure to Engage in the Interactive Process (FEHA)
11. Intentional Infliction of Emotional Distress
12. Negligent Hiring, Supervision, and Retention
13. Unfair Competition (Bus. & Prof. Code §17200)

DEMAND FOR JURY TRIAL
(Unlimited – amount over $35,000)

## COMPLAINT

Plaintiff BREANNA DE ENCIO, by and through her attorneys, allege, on personal knowledge as to their own acts and on information and belief as to all other matters, as follows:

## INTRODUCTION

This action arises out of Defendants' unlawful employment practices in violation of California law. Plaintiff BREANNA DE ENCIO ("Plaintiff") was employed as an Office Manager by Defendant VP RACING FUELS, INC. in Murrieta, California. During her employment, Plaintiff was subjected to repeated sexual harassment, gender discrimination, retaliation, and hostile treatment at the hands of her supervisor, Defendant MICHAEL EMERSON, and other agents of the Company. Plaintiff was further denied legally required wages, overtime pay, meal and rest breaks, and reimbursement of business expenses.

Defendants' unlawful conduct created intolerable working conditions that no reasonable employee could be expected to endure. As a result, Plaintiff was constructively discharged from her position. Plaintiff now seeks relief for violations of the Fair Employment and Housing Act ("FEHA"), the California Labor Code, and related provisions of law, including compensatory damages, emotional distress damages, statutory penalties, punitive damages, and attorneys' fees.

## THE PARTIES

1. Plaintiff BREANNA DE ENCIO ("Plaintiff") is, and at all relevant times was, an individual residing in the County of Riverside, State of California. Plaintiff was employed by Defendants in Murrieta, California, beginning on or about May 6, 2024, in the position of Office Manager.

2. Defendant VP RACING FUELS, INC. ("Company") is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware, authorized to do business in California, and doing business in the County of Riverside, State of California. Plaintiff is informed and believes, and thereon alleges, that the Company regularly employed more than five (5) employees during the relevant period, thereby qualifying as an "employer" within the meaning of Government Code section 12926(d).

3. Defendant MICHAEL EMERSON ("Emerson") is, and at all relevant times was, an

individual residing in the State of California and employed by the Company in a managerial capacity. Plaintiff is informed and believes, and thereon alleges, that Emerson exercised supervisory authority over Plaintiff and was personally involved in the harassment, discrimination, and retaliation alleged herein. Emerson is sued both in his individual capacity and as an agent of the Company.

4. At all relevant times, Emerson was acting within the course and scope of his employment and/or agency with Defendant VP Racing Fuels, Inc.

5. Defendants DOES 1 through 50, inclusive, are sued pursuant to Code of Civil Procedure § 474 because their true names and capacities are presently unknown to Plaintiffs. Plaintiffs are informed and believe and thereon allege that each DOE Defendant is in some manner legally responsible for the occurrences alleged herein and the resulting damages, including, without limitation, as past or present owners, landlords, lessors, sublessors, property managers, maintenance vendors, pest-control contractors, trustees, beneficiaries, partners, members, alter egos, successors, or assigns of the named Defendants. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

6. At all relevant times, each Defendant—including each DOE—was the agent (actual, ostensible, and/or apparent), servant, employee, partner, joint venturer, co-conspirator, manager, representative, and/or alter ego of each of the other Defendants, and in doing the acts and omissions alleged herein acted within the course and scope of such agency, employment, and/or relationship, and with the knowledge, permission, approval, and/or ratification of the others.

7. On information and belief, a unity of interest and ownership exists between TPG and certain individual Defendants, and/or between certain DOE entities and their individual owners, such that any separateness has ceased; adherence to the fiction of separate existence would sanction fraud or promote injustice. Plaintiffs therefore allege alter-ego liability as to such Defendants.

8. Unless otherwise specified, references to “Defendants” herein include each named Defendant and each DOE Defendant, jointly and severally.

///

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution, which grants the Superior Court original jurisdiction in all civil cases except those otherwise provided by statute. This action is not within the exclusive jurisdiction of any other court or administrative agency.

10. This Court further has jurisdiction because this action arises under the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900 et seq., and the California Labor Code. Plaintiff seeks compensatory damages, statutory penalties, equitable relief, punitive damages, and attorneys' fees and costs as authorized by law.

11. The amount in controversy exceeds the jurisdictional minimum of this Court. Plaintiff seeks recovery of lost wages, employment benefits, statutory penalties, restitution, general damages, punitive damages, and attorneys' fees and costs, in an amount well in excess of $35,000.

12. Venue is proper in this Court pursuant to Code of Civil Procedure sections 395(a) and 395.5 because Defendants reside in, are found in, transact business in, and/or committed the unlawful acts alleged herein within the State of California, and because a substantial portion of the events and omissions giving rise to Plaintiff's claims occurred within this Court's jurisdiction.

13. Defendants are subject to the personal jurisdiction of this Court because they have purposefully availed themselves of the benefits of conducting business within the State of California. Defendant VP RACING FUELS, INC. is authorized to do business in California and regularly conducts substantial business operations within this State. Defendant MICHAEL EMERSON resides in California and exercised supervisory authority over Plaintiff in connection with Defendants' California operations.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff was employed by Defendant VP Racing Fuels, Inc. ("Company") in Murrieta, California, beginning on or about May 6, 2024, in the position of Office Manager. At all relevant times, Plaintiff performed her job duties competently, complied with all Company policies and directives, met or exceeded Defendants' legitimate expectations, and was qualified for her position, including at the time of the adverse actions described herein.

15. Defendant Michael Emerson ("Emerson") was, at all relevant times, employed by the Company as a manager with direct supervisory authority over Plaintiff. Emerson exercised substantial control over Plaintiff's terms, conditions, and privileges of employment, including work assignments, scheduling, evaluations, discipline, and termination-related decisions. At all relevant times, Emerson was acting within the course and scope of his managerial authority and as an agent of Defendant VP Racing Fuels, Inc.

16. Beginning on or about August 19, 2024, Plaintiff became the subject of unfounded workplace rumors and false accusations of disparaging other employees, which Emerson, rather than addressing appropriately, escalated by initiating a meeting that excluded Plaintiff and resulted in a hostile and bullying work environment directed at her.

17. On or about August 21, 2024, Emerson required Plaintiff to drive approximately sixteen (16) hours round trip to deliver fuel to an event without providing reasonable accommodations, without providing a per diem or overtime pay, and while requiring her to stay in unsafe conditions. Plaintiff returned to the office at approximately 4:00 a.m. and was required to continue working without rest.

18. Between August and September 2024, Plaintiff was excluded from key work events by Emerson and Company management, including the company's Vegas to Reno event and the Baja 400, opportunities that were consistent with her position and provided to other similarly situated employees.

19. On or about September 20, 2024, Emerson singled out Plaintiff for an alleged work error and berated her in front of others, while other employees making similar or more significant errors were not reprimanded in this manner, contributing to a hostile and discriminatory work environment.

20. On September 21–22, 2024, Plaintiff worked substantial overtime hours at the Sands Sports Show but was denied proper overtime compensation and meal and rest breaks. Plaintiff was later forced to take September 23 off to avoid working seven consecutive days, thereby losing additional wages.

21. Between September 24 and September 26, 2024, Emerson deliberately ignored

and ostracized Plaintiff in the workplace as a means of marginalizing her in the workplace, greeting other employees while walking past her desk without acknowledgment, further contributing to a hostile work environment.

22. On September 26, 2024, Emerson admitted to Plaintiff in a meeting that his conduct toward her was inappropriate and that he could "be an asshole," but despite this admission, his hostile and harassing conduct continued, yet the Company failed to intervene or correct his conduct.

23. On or about October 29, 2024, Emerson altered Plaintiff's timecard without her knowledge or consent using his authority over payroll and timekeeping. Plaintiff is informed and believes, and thereon alleges, that Emerson similarly altered other employees' timecards, including that of employee Bryn, to reflect hours not worked, based on Plaintiff's role as Office Manager, her access to payroll records, and her firsthand observations during the course of her employment.

24. On or about October 30, 2024, Emerson reassigned Plaintiff's primary work responsibilities to another employee, Bryn, after Plaintiff expressed concern about the fairness of being excluded from opportunities. Emerson told Plaintiff she would instead be handling NHRA assignments but later reassigned those duties as well to other employees, further diminishing Plaintiff's role. This reassignment occurred after Plaintiff raised concerns regarding unfair treatment.

25. On or about November 5, 2024, during an office meeting, Emerson humiliated Plaintiff by making a sexually harassing comment about her body, stating in front of others, "Oh yeah, you're getting the bags in," referring to Plaintiff's breasts.

26. On or about November 12, 2024, Emerson again subjected Plaintiff to unwelcome sexual harassment by hugging her and commenting, "Oh yeah, can't hug you hard, forgot you got new bags," again referring to Plaintiff's breasts.

27. On or about November 13, 2024, Plaintiff learned she had been deliberately excluded from group seating at the NHRA event. While other employees received reserved tickets, Emerson denied Plaintiff the same and told her to "find a seat where you can," giving her

only general admission tickets, acting in his managerial capacity.

28. On or about November 19–21, 2024, while Plaintiff was required to attend the F1 Ferrari Challenge event in Las Vegas, she was provided only $50 per diem per day, denied reasonable expense reimbursement, and accused by Emerson of improperly charging expenses to her company card despite her compliance with instructions and necessity of travel-related costs. The Company failed to reimburse Plaintiff or correct these accusations despite being aware of the circumstances.

29. On November 25, 2024, Emerson sent hostile and accusatory text messages to Plaintiff regarding customer payments, further escalating the harassment and hostility directed at her. This conduct was part of a continuing pattern of hostility and retaliation by Emerson.

30. After Plaintiff reported Emerson's conduct to Defendant's Human Resources department, including sexual harassment, hostile treatment, retaliation, and wage-related concerns, Defendant VP Racing Fuels, Inc., through HR representative Sara Gentry, failed to conduct a prompt, thorough, or good-faith investigation.

31. Instead, HR relied primarily on statements from Emerson and other individuals with personal or professional conflicts of interest, failed to interview available corroborating witnesses, and disregarded information provided by Plaintiff. HR thereafter concluded, without adequate investigation, that Plaintiff's complaints were unsubstantiated and took no meaningful corrective action. The Company thereby ratified Emerson's conduct.

32. Throughout her employment, Plaintiff was denied legally mandated overtime pay, meal breaks, rest periods, and proper reimbursement of business expenses. She was also subjected to unlawful timecard alterations, retaliation for raising concerns, gender-based harassment, humiliation in front of coworkers, and exclusion from professional opportunities.

33. Defendants' conduct, taken as a whole, created intolerable working conditions that no reasonable employee would be expected to endure. As a direct and proximate result, Plaintiff was constructively discharged from her employment.

34. Plaintiff's emotional distress was so severe that she was required to take medical leave from her employment. Plaintiff's need for medical leave was directly caused by

Defendants' unlawful conduct as alleged herein, and not by any preexisting condition.

35. Plaintiff has suffered, and continues to suffer, severe emotional distress as a direct and proximate result of Defendants' unlawful conduct, including anxiety, humiliation, embarrassment, stress, loss of sleep, and loss of enjoyment of life. The hostile treatment, sexual harassment, and retaliatory actions created feelings of worthlessness, fear, and isolation that interfered with Plaintiff's personal relationships and daily life. These emotional injuries are ongoing and have required Plaintiff to expend time and effort to manage and cope with the trauma caused by Defendants' actions.

## FIRST CAUSE OF ACTION

**Sexual Harassment**

**(In Violation of Gov. Code §12940(j))**

**(Against Defendants VP Racing Fuels, Inc. and Mike Emerson)**

36. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein.

37. Defendant Emerson engaged in unwelcome sexual advances, comments, and conduct toward Plaintiff during the course of her employment, including but not limited to:

a. Making inappropriate comments about Plaintiff's body in front of coworkers, including statements such as "Oh yeah, you're getting the bags in" (Nov. 5, 2024) and "Oh yeah, can't hug you hard, forgot you got new bags" (Nov. 12, 2024);

b. Hugging Plaintiff in a manner that was unwelcome and sexually suggestive;

c. Treating Plaintiff differently than similarly situated employees based on sex.

38. The conduct described above was severe and pervasive and created a hostile, intimidating, and offensive work environment for Plaintiff.

39. Defendants knew, or reasonably should have known, of the sexual harassment and failed to take prompt and effective corrective action.

40. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered and continues to suffer emotional distress, humiliation, embarrassment, anxiety, and other damages in an amount to be proven at trial.

41. Defendants' conduct constitutes unlawful sexual harassment in violation of the California Fair Employment and Housing Act, Government Code §12940 et seq., and Plaintiff seeks all damages and relief available under law.

**<u>SECOND CAUSE OF ACTION</u>**

**Sex Discrimination**

**(In Violation of Gov. Code §12940(a))**

**(Against Defendant VP Racing Fuels, Inc.)**

42. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein.

43. Defendants discriminated against Plaintiff on the basis of her sex, female, by treating her differently than similarly situated male employees in the terms and conditions of her employment, including but not limited to: exclusion from professional events, denial of opportunities for training and career advancement, denial of proper per diem and expense reimbursement, and other adverse actions described in the General Allegations above.

44. Defendants' actions were intentional, willful, and created a hostile, discriminatory work environment that adversely affected Plaintiff's employment, professional growth, and emotional well-being.

45. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer economic damages, emotional distress, humiliation, embarrassment, anxiety, and other non-economic damages, all in an amount to be proven at trial.

**<u>THIRD CAUSE OF ACTION</u>**

**Retaliation**

**(In Violation of Gov. Code §12940(h))**

**(Against Defendant VP Racing Fuels, Inc.)**

46. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein.

47. Plaintiff engaged in protected activity by opposing discriminatory and harassing

conduct in the workplace, including reporting and objecting to sexual harassment, exclusion from company events and career opportunities provided to other employees, denial of overtime pay and proper meal and rest breaks, and unauthorized alterations to her timecards. Plaintiff's complaints and objections were made in good faith and constituted protected activity under California law.

48. In response to Plaintiff's protected activity, Defendants retaliated against her by publicly humiliating her and making sexually inappropriate comments about her body in front of coworkers, excluding her from professional events and opportunities that were routinely provided to other employees, reassigning her work responsibilities to other employees without justification or consultation, thereby diminishing her role, altering her timecards without her knowledge or consent and denying her legally owed overtime compensation, subjecting her to hostile and ostracizing behavior in the workplace by deliberately ignoring her and treating her differently than similarly situated employees, and sending hostile and accusatory communications regarding her job performance and customer payments.

49. The adverse actions occurred shortly after Plaintiff engaged in protected activity, demonstrating a causal connection.

50. As a direct and proximate result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer lost wages, lost employment benefits, emotional distress, humiliation, embarrassment, anxiety, and other damages in amounts according to proof.

51. The conduct of Defendants was intentional, malicious, and done with reckless disregard for Plaintiff's rights under California law, thereby entitling Plaintiff to an award of punitive damages.

## **FOURTH CAUSE OF ACTION**

**Failure to Prevent Harassment, Discrimination, and Retaliation**

**(In Violation of Gov. Code §12940(k))**

**(Against Defendant VP Racing Fuels, Inc.)**

52. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein.

53. Defendants had a legal duty under the California Fair Employment and Housing Act (FEHA) to take all reasonable steps to prevent harassment, discrimination, and retaliation in the workplace.

54. Defendants, through their actions and omissions failed to prevent sexual harassment, gender-based discrimination, and retaliation against Plaintiff.

55. Despite knowledge of ongoing harassment, discriminatory treatment, and retaliation, Defendants failed to take timely or effective corrective measures to stop the unlawful conduct, including the inappropriate behavior by Emerson, exclusion from events, timecard manipulation, denial of proper compensation, and hostile workplace treatment.

56. As a direct and proximate result of Defendants' failure to prevent harassment, discrimination, and retaliation, Plaintiff suffered and continues to suffer emotional distress, humiliation, embarrassment, lost wages, lost employment benefits, anxiety, and other damages in amounts according to proof.

57. The conduct of Defendants was intentional, reckless, and done with conscious disregard for Plaintiff's rights under California law, thereby entitling Plaintiff to an award of punitive damages.

**FIFTH CAUSE OF ACTION**

**Whistleblower Retaliation**

**(In Violation of Labor Code §§1102.5, 6310)**

**(Against Defendant VP Racing Fuels, Inc.)**

58. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein

59. Defendant VP Racing Fuels, Inc., through its agent Emerson, subjected Plaintiff to adverse employment actions, including hostile treatment, exclusion from professional opportunities, altered timecards, denial of compensation, and other retaliatory acts, because of Plaintiff's engagement in these protected activities. Defendants' retaliatory conduct was a substantial motivating factor in creating intolerable working conditions. Plaintiff reasonably

believed the conduct she reported violated state and local laws and regulations, including reports concerning unsafe working conditions.

60. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered, and continues to suffer, lost income, lost employment benefits, emotional distress, humiliation, anxiety, and other damages in amounts according to proof.

61. The actions of Defendants were willful, knowing, and done with reckless disregard for Plaintiff's statutory rights, entitling Plaintiff to punitive damages as permitted by law.

**SIXTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**(In Violation of Labor Code §§510, 1194)**

**(Against Defendant VP Racing Fuels, Inc.)**

62. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein.

63. At all relevant times, Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked beyond eight (8) in a workday or forty (40) in a workweek, pursuant to Labor Code §§ 510 and 1194.

64. Defendants required Plaintiff to work long hours, including travel, event-related duties, and other work outside of regular business hours. Despite these extended work periods, Defendants failed to compensate Plaintiff for overtime, resulting in unpaid wages for all hours worked beyond the statutory limits. Plaintiff was also denied appropriate compensation when required to take days off to comply with mandatory day-of-rest rules.

65. Defendants' conduct demonstrates a systemic failure to pay Plaintiff for overtime hours worked, in violation of Labor Code §§ 510 and 1194. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, interest thereon, and other damages according to proof.

**SEVENTH CAUSE OF ACTION**

**Failure to Provide Meal and Rest Breaks**

**(In Violation of Labor Code §§226.7, 512)**

**(Against Defendant VP Racing Fuels, Inc.)**

66. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein.

67. At all relevant times, Plaintiff was entitled under California law to uninterrupted meal periods and rest breaks during her workdays, pursuant to Labor Code §§ 226.7 and 512.

68. Defendants failed to provide Plaintiff with legally mandated meal periods and rest breaks. On multiple occasions, Plaintiff was required to work through meal and rest breaks due to work demands, travel obligations, and event responsibilities. Defendants did not compensate Plaintiff with premium pay for missed meal or rest breaks, in violation of the Labor Code.

69. Defendants' conduct constitutes a knowing and intentional failure to provide Plaintiff with required meal and rest breaks.

70. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer lost wages, penalties, interest, and other damages according to proof.

**EIGHTH CAUSE OF ACTION**

**Wage Statement Violations**

**(In Violation of Labor Code §§226, 1174)**

**(Against Defendant VP Racing Fuels, Inc.)**

71. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein.

72. At all relevant times, Plaintiff was entitled to accurate, itemized wage statements reflecting all hours worked, rates of pay, gross and net wages, deductions, and other information required by Labor Code §§ 226 and 1174.

73. Defendants knowingly and intentionally failed to provide accurate and complete wage statements. Plaintiff's timecards were altered without her knowledge or consent, hours were misreported, and deductions and pay for overtime, missed breaks, and travel expenses were not accurately reflected.

74. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages, including underpayment of wages, and is entitled to recover statutory penalties, interest, and other damages according to proof.

## NINTH CAUSE OF ACTION

**Wrongful Constructive Termination in Violation of Public Policy**

**(Against Defendant VP Racing Fuels, Inc.)**

75. Plaintiff re-alleges and incorporate by reference each and every preceding paragraph as though fully set forth herein.

76. At all relevant times, Plaintiff was employed by Defendants under conditions that were intolerable, discriminatory, harassing, and retaliatory. Defendants engaged in repeated acts of sexual harassment, gender-based discrimination, exclusion from professional opportunities, unauthorized timecard alterations, denial of overtime and rest/meal breaks, hostile and humiliating treatment in front of coworkers, and other unlawful employment practices.

77. Plaintiff reasonably believed that continued employment under these conditions was impossible without suffering further harm to her professional standing, mental health, and personal well-being.

78. Plaintiff had no reasonable alternative but to resign. Defendants' unlawful conduct directly caused Plaintiff to feel compelled to resign from her employment. Plaintiff's resignation constitutes a constructive discharge because the working conditions were so intolerable that no reasonable employee would be expected to remain.

79. The constructive discharge of Plaintiff was in violation of public policy, as reflected in the California Constitution, the California Labor Code, the Fair Employment and Housing Act (FEHA), and other applicable laws protecting employees from discrimination, harassment, retaliation, and unsafe working conditions.

80. As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiff has suffered lost wages and benefits, emotional distress, mental anguish, humiliation, embarrassment, anxiety, and other general and special damages in an amount according to proof.

**TENTH CAUSE OF ACTION**

**Failure to Accommodate and Failure to Engage in the Interactive Process**

**(In Violation of Gov. Code §12940(m), (n))**

**(Against Defendant VP Racing Fuels, Inc.)**

81. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82. Plaintiff suffered from a medical condition and/or mental health condition qualifying as a disability under FEHA that limited her ability to perform certain job functions without accommodation.

83. Plaintiff requested reasonable accommodations on multiple occasions, related to her medical needs and/or recovery, including modifications to her work schedule, travel assignments, and access to equipment necessary for pumping or managing her health.

84. Defendant VP Racing Fuels, Inc. failed to engage in a timely, good-faith interactive process with Plaintiff to identify reasonable accommodations. Defendant VP Racing Fuels, Inc. denied, delayed, or otherwise impeded Plaintiff's requests, instead creating additional obstacles, assigning work to other employees, and excluding her from events and opportunities without justification.

85. As a direct and proximate result of Defendant VP Racing Fuels, Inc.'s failure to accommodate and engage in the interactive process, Plaintiff suffered lost income, lost professional opportunities, humiliation, emotional distress, and other damages according to proof.

**ELEVENTH CAUSE OF ACTION**

**Negligent Hiring, Supervision, and Retention**

**(Against Defendant VP Racing Fuels, Inc.)**

86. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. Defendant VP Racing Fuels, Inc. knew or should have known that Emerson posed a foreseeable risk of harm to employees, including Plaintiff, based on his supervisory role, prior

conduct, and complaints made to Human Resources, yet failed to take reasonable steps to supervise, discipline, or remove him from a position of authority.

88. As a direct and proximate result of Defendants' conduct, Plaintiff suffered, and continues to suffer, severe emotional distress, including anxiety, humiliation, embarrassment, stress, loss of sleep, and loss of enjoyment of life. The hostile treatment, sexual harassment, and retaliatory actions created feelings of worthlessness, fear, and isolation that interfered with Plaintiff's personal relationships and daily life.

89. The emotional distress suffered by Plaintiff was so severe that she was required to take leave from work to address her mental health, including receiving treatment and attempting to cope with the trauma caused by Defendants' actions.

90. As a direct and proximate result of Defendants' intentional and/or reckless conduct, Plaintiff has incurred and continues to incur damages, including but not limited to emotional suffering, mental anguish, and related economic losses.

**TWELFTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Against Defendants VP Racing Fuels, Inc. and Mike Emerson)**

91. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92. Defendants' conduct, including but not limited to repeated sexual harassment, humiliation in front of coworkers, exclusion from professional opportunities, retaliation, denial of proper compensation and reimbursement, and alteration of Plaintiff's timecards, was extreme and outrageous.

93. Defendants engaged in this conduct intentionally, knowingly, and with reckless disregard for the probability of causing Plaintiff emotional distress.

94. The harm to Plaintiff was a foreseeable result of Defendants' failure to supervise and retain Emerson.

95. Defendants' conduct caused Plaintiff to experience severe emotional distress, including anxiety, depression, humiliation, loss of self-esteem, and other psychological and physical symptoms.

96. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered, and continues to suffer, significant emotional distress and damages in an amount to be proven at trial.

**THIRTEENTH CAUSE OF ACTION**

**Unlawful Business Practices**

**(In Violation of Bus. & Prof. Code §17200 et seq.)**

**(Against Defendant VP Racing Fuels, Inc.)**

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. Defendants engaged in unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code §17200 et seq., including, but not limited to, violations of the California Fair Employment and Housing Act, the California Labor Code, and public policy.

99. Defendants' unlawful and unfair practices include sexual harassment, gender discrimination, retaliation, denial of legally mandated wages, meal and rest breaks, and failure to provide proper reimbursement for business-related expenses, as described above.

100. These practices were intended to, and did, give Defendants an unfair business advantage over other employers who comply with California employment laws and regulations.

101. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered harm, including lost income, lost professional opportunities, and other economic and non-economic damages in an amount to be proven at trial.

102. Plaintiff seeks restitution of all wages, benefits, and other monies unlawfully withheld or denied, along with any other relief necessary to restore Plaintiff to the position she would have been in but for Defendants' unfair business practices.

**DEMAND FOR JURY TRIAL**

103. Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff BREANNA DE ENCIO respectfully requests that the Court grant judgment in her favor against Defendants VP Racing Fuels, Inc. and Michael Emerson as follows:

1. For general and special damages according to proof at trial, including lost wages, lost benefits, lost professional opportunities, and emotional distress;
2. For compensatory damages for all harm caused by Defendants' unlawful, discriminatory, retaliatory, harassing, and unfair practices;
3. For punitive and exemplary damages against Defendants, to the extent permitted by law;
4. For restitution of all wages, benefits, and other monies unlawfully withheld or denied, including overtime pay, meal and rest break premiums, expense reimbursements, and other employment-related amounts;
5. For equitable relief, including reinstatement or front pay in lieu of reinstatement where appropriate;
6. For statutory penalties and remedies available under the California Labor Code, California Government Code, and other applicable statutes;
7. For pre-judgment and post-judgment interest as allowed by law;
8. For reasonable attorneys' fees and costs of suit incurred herein; and
9. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DATED: September 29, 2025

/s/ John L. Pittman III
John L. Pittman III, Esq., LLM[2]
District of Columbia (1742578),
New York (5880646) and Texas (24127922)
Provisionally Licensed in California (PL482988)
Attorney for Plaintiffs BREANNA DE ENCIO

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
VP RACING FUELS, INC., a corporation;MIKE EMERSON, an individual; and DOES 1 to 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
BREANNA DE ENCIO, an individual,

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
1/6/2026 7:43:03 PM

Clerk of the Superior Court
By G. Rodriguez ,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* CENTRAL
330 W Broadway, San Diego, CA 92101

CASE NUMBER: *(Número del Caso):* 26CU001435C

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John L. Pittman III, Nasseri Legal, 925 B Street, Suite 604, San Diego, CA 92101

DATE: *(Fecha)* January 15, 2026 Clerk, by *(Secretario)* G. Rodriguez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
John L. Pittman III - PL 482988 - 925 B Street, Suite 604, San Diego, 92101
NASSERI LEGAL (Saman Nasseri - SBN 279660 - Surpervising Head of Firm)
TELEPHONE NO.: (760) 575-4040 FAX NO. :
EMAIL ADDRESS: info@jp3law.com
ATTORNEY FOR *(Name):* April Olthoff

***FOR COURT USE ONLY***

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
1/6/2026 7:43:03 PM

Clerk of the Superior Court
By G. Rodriguez ,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CASE NAME:
BREANNA DE ENCIO v. VP RACING FUELS, INC., et al.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26CU001435C
JUDGE: Mark T Cumba
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 13
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 25, 2025
John L. Pittman III
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form Save this form Clear this form

EXHIBIT A - PAGE 24